FRANCIS P. CORBIN, plaintiff in error, *vs.* ROBERT HABERSHAM & SONS, defendants in error.

When parties are at issue as to whether the consideration of a debt was slaves, the Judge cannot stop the cause for want of jurisdiction because the evidence satisfies him that the consideration was slaves; he must submit the issue to the jury. (R.)

Slave Debts. Practice. Before Judge SCHLEY. Chatham Superior Court. May Term, 1870.

Corbin's *fi. fa.* against Robert Habersham & Sons was levied. They filed an oath of illegality, averring that the *fi. fa.* was bottomed upon certain drafts given for slaves.

Patten *vs.* Baggs.

On the trial it was proved that Corbin sold slaves to one Middleton, in February, 1860, and took for them Middleton's drafts, accepted by Robert Habersham & Sons; that he refused to accept Middleton's obligation without security; that the said acceptors had no connection with the trade, but accepted simply as Middleton's security. When this evidence came out, the Judge said he had no jurisdiction to try the cause and stopped it. This is assigned as error.

JACKSON, LAWTON & BASSINGER, for plaintiff in error.

THOMAS E. LOYD, by JULIAN HARTRIDGE, for defendants.

LOCHRANE, Chief Justice.

Under the facts in this case, we are of opinion the Court erred in stopping the trial then progressing upon an issue before the jury. The issue submitted was one of fact, whether the consideration of the debt, the ground of the original judgment to which the affidavit of illegality was filed, was a slave or slaves; and the Court ought to have permitted the jury, on the evidence, to have found their verdict; and it was error for the Court to hold he had no jurisdiction upon the proof of the facts, without the intervention of a jury.

Judgment reversed.